FILED

13 SEP 23 AM 11: 24

CLERK, U.S. DISTRICT COURT.
SOUTHERN DISTRICT OF CALIFORNIA

BY     W.R.S     DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN DARIO GARCIA, JR.,<br>CDCR # J-73373<br><br>                                        Plaintiff,<br><br>                    vs.<br><br>D. STRAYHORN; J. LUNA; C.P. FRANCO;<br>CAPTAIN K. REID; A. HERNANDEZ;<br>JOHN/JANE DOES 1 - 5,<br><br>                                        Defendants. | Civil        13-cv-0807 BEN (KSC))<br>No.<br><br>**ORDER:**<br><br>**(1) DISMISSING CLAIMS AND DEFENDANTS FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B)  & 1915A(b); and**<br><br>**(2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SECOND AMENDED COMPLAINT ON REMAINING DEFENDANTS PURSUANT TO Fed.R.Civ.P. 4(c)(3) & 28 U.S.C. § 1915(d)** |

## I.     Procedural History

On April 3, 2013, Plaintiff, a state inmate currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD") located in San Diego, California, and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.  Plaintiff also filed a Motion to

1   Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2.)  Before the

2   Court could conduct the required sua sponte screening, Plaintiff filed his First Amended

3   Complaint ("FAC").  (ECF No. 3.)

4          On June 6, 2013, the Court granted Plaintiff's Motion to Proceed IFP and sua sponte

5   dismissed his First Amended Complaint for failing to state a claim pursuant to 28 U.S.C.

6   §§ 1915(e)(2)(B) & 1915A(b).  (ECF No. 5 at 6-7.)  Plaintiff was granted leave to file an

7   Amended Complaint in order to correct the deficiencies of pleading identified by the Court. *Id.*

8   On July 16, 2013, Plaintiff filed his Second Amended Complaint ("SAC").  (ECF No. 6.)

9   **II.     SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

10         As the Court stated in its previous Order, the Prison Litigation Reform Act ("PLRA")'s

11  amendments to 28 U.S.C. § 1915 obligate the Court to review complaints filed by all persons

12  proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility

13  [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the

14  terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as

15  practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  Under these

16  provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP

17  complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which

18  seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A;

19  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v.*

20  *Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

21         To state a claim under § 1983, Plaintiff must allege that:  (1) the conduct he complains

22  of was committed by a person acting under color of state law; and (2) that conduct violated a

23  right secured by the Constitution and laws of the United States. *Humphries v. County of Los*

24  *Angeles*, 554 F.3d 1170, 1184 (9th Cir. 2009) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

25         Plaintiff's Second Amended Complaint alleges that Defendants conspired, discriminated,

26  and retaliated against him for exercising his right to petition for redress through the California

27  Department of Corrections and Rehabilitation's inmate grievance procedures.  First, to allege

28  a claim of conspiracy under § 1983, Plaintiff must allege facts with sufficient particularity to

1  show an agreement or a meeting of the minds to violate his constitutional rights. *Margolis v.*

2  *Ryan*, 140 F.3d 850, 853 (9th Cir. 1998); *Woodrum v. Woodward County*, 866 F.2d 1121, 1126

3  (9th Cir. 1989). Thus, pleading a conspiracy requires more than a conclusory allegation that

4  Defendants conspired to deprive Plaintiff's civil rights. The Ninth Circuit applies a heightened

5  pleading standard to conspiracy claims under section 1983 and has held that mere conclusory

6  allegations of conspiracy (i.e., bare allegations that a defendant "conspired" with another) are

7  insufficient to state a claim.[1] *See Harris*, 126 F.3d at 1195; *Buckey v. County of Los Angeles*,

8  968 F.2d 791, 794 (9th Cir. 1992). As currently pleaded, however, Plaintiff's conspiracy claims

9  amount to no more than "vague and conclusory allegations of official participation in civil rights

10  violations," and therefore fail to state a claim. *See Ivey v. Board of Regents*, 673 F.2d 266, 268

11  (9th Cir. 1982); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (conclusory allegations

12  of conspiracy insufficient to support a claim under section 1983 or section 1985).

13  Accordingly, because the Court previously informed Plaintiff of this deficiency in his

14  pleading, and Plaintiff has failed to correct the deficiency in his Second Amended Complaint,

15  Plaintiff's conspiracy claims against all named Defendants are dismissed from this action.

16  In addition, to the extent Plaintiff suggests generally that he is being "discriminated"

17  against or being treated differently than other prisoners, the "Equal Protection Clause of the

18  Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction

19  the equal protection of the laws,' which is essentially a direction that all persons similarly

20  situated should be treated alike." *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432,

21  439 (1985); *Shaw v. Reno*, 509 U.S. 630 (1993). "The guarantee of equal protection [under the

22  Fifth Amendment] is not a source of substantive rights or liberties, but rather a right to be free

23  from invidious discrimination in statutory classifications and other governmental activity."

24

25  [1] The Ninth Circuit has specifically held that conspiracy claims are subject to this heightened pleading standard since they require the plaintiff to show that the defendant agreed to join the

26  conspiracy. *See Harris v. Roderick*, 126 F.3d 1189, 1195 (9th Cir. 1997); *Margolis*, 140 F.3d at 853; *Mendocino Envt'l Ctr. v. Mendocino County*, 14 F.3d 457, 459 (9th Cir. 1994) (applying identical

27  standard to conspiracy claim in *Bivens* action). Although the Ninth Circuit eliminated the application of a heightened pleading standard to all cases where an improper motive is an element, it did not modify

28  the requirement in regard to allegations of conspiracy. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

13cv0807 BEN (KSC)

1   *Harris v. McRae*, 448 U.S. 297, 322 (1980) (citations omitted). However, conclusory allegations

2   of discrimination are insufficient to state a claim, unless Plaintiff alleges facts which may prove

3   invidious discriminatory intent.   *Village of Arlington Heights v. Metropolitan Housing*

4   *Development Corp.*, 429 U.S. 252, 265 (1977).   Therefore, to allege an equal protection

5   violation, Plaintiff must plead facts to show that each Defendant "acted in a discriminatory

6   manner and that the discrimination was intentional." *FDIC. v. Henderson*, 940 F.2d 465, 471

7   (9th Cir. 1991) (citations omitted); *Reese v. Jefferson School Dist. No. 14J*, 208 F.3d 736, 740

8   (9th Cir. 2000). "'Discriminatory purpose' ... implies more than intent as volition or intent as

9   awareness of consequences.  It implies that the decision maker ... selected or reaffirmed a

10  particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects

11  upon an identifiable group." *Personnel Administrator of Massachusetts v. Feeney*, 442 U.S. 256,

12  279 (1979).  "[P]urely conclusory allegations of alleged discrimination, with no concrete,

13  relevant particulars," are simply insufficient. *Forsberg v. Pac. Northwest Bell Tel. Co.*, 840 F.2d

14  1409, 1419 (9th Cir. 1988).  Here, Plaintiff fails to allege he is a member of a protected class and

15  he has failed to allege any "concrete, relevant" facts to show that he was treated differently with

16  a "discriminatory purpose." *City of Cleburne,* 473 U.S. at 439; *Forsberg*, 840 F.3d at 1419;

17  *Feeney*, 442 U.S. at 279. Thus, Plaintiff's equal protection allegations fail to state a claim upon

18  which relief can be granted.

19        Once again, Plaintiff also seeks to hold some of the Defendants liable in their supervisory

20  capacity. However, there is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v.*

21  *Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). Instead, "[t]he inquiry into causation must be

22  individualized and focus on the duties and responsibilities of each individual defendant whose

23  acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844

24  F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*,  423 U.S. 362, 370-71 (1976)).  In order

25  to avoid the respondeat superior bar, Plaintiff must allege personal acts by each individual

26  Defendant which have a direct causal connection to the constitutional violation at issue. *See*

27  *Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986); *Taylor v. List*, 880 F.2d 1040, 1045 (9th

28  Cir. 1989).   As a supervisor, a Defendant may only be held liable for the allegedly

4

1  unconstitutional violations of his subordinates if Plaintiff alleges specific facts which show: (1)

2  how or to what extent this supervisor personally participated in or directed Defendants' actions,

3  and (2) in either acting or failing to act, the supervisor was an actual and proximate cause of the

4  deprivation of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

5  As currently pleaded, however, Plaintiff's Second Amended Complaint in no way sets forth facts

6  which might be liberally construed to support an individualized constitutional claim against

7  Defendants Franco, Reid, Hernandez or Seibel.

8      Therefore, the Court must dismiss all of Plaintiff's claims against Defendants Franco,

9  Reid, Hernandez and Seibel for failing to state a claim upon which relief can be granted.

10     While the Court does find that Plaintiff has adequately stated a retaliation claim against

11 Defendants Strayhorn and Luna, he has failed to allege a retaliation claim against Defendant

12 Stricklin.  In order to properly allege a retaliation claim, Plaintiff must allege facts sufficient to

13 show that he was retaliated against for exercising his constitutional rights and that the alleged

14 retaliatory action "does not advance legitimate penological goals, such as preserving institutional

15 order and discipline." *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam)

16 (citation omitted).  Plaintiff must also allege facts sufficient to show that the defendants' actions

17 harmed him.[2] *See Rhodes v. Robinson*, 380 F.3d at 1131 ("Our cases, in short, are clear that any

18 retribution visited upon a prisoner due to his decision to engage in protected conduct is sufficient

19 to ground a claim of unlawful First Amendment retaliation--whether such detriment "chills" the

20 plaintiff's exercise of his First Amendment rights or not."); *see also Resnick*, 213 F.3d at 449;

21 *Hines v. Gomez*, 108 F.3d 265, 269 (9th Cir. 1997).

22     In a § 1983 matter, the Plaintiff must be able to show a causal connection between a

23 "defendant's retaliatory animus and subsequent injury in any sort of retaliation action." *Hartman*

24 *v. Moore*, 547 U.S. 250, 259 (2006).  Here, Plaintiff's alleges only that Defendant Stricklin and

25 _____

26  [2] "[A] retaliation claim may assert an injury *no more tangible* than a chilling effect on First
   Amendment rights." *Gomez v. Vernon*, 255 F.3d 1118, 1127 (9th Cir.2001) (emphasis in original).
27  "Without alleging a chilling effect, a retaliation claim without allegation of other harm is not actionable."
   *Id.*  Thus, while many plaintiffs alleging retaliation can show harm by pointing to the "chilling effect"
28  such acts may have had on the exercise of their First Amendment rights, "harms entirely independent
   from a chilling effect can ground retaliation claims." *Rhodes v. Robinson*, 380 F.3d 1123, 1131 (9th Cir.
   2004).

"Jhon/Jane Doe" approached him after he had been seen at the medical clinic and "informed [Plaintiff] that they were going to escort him to a secure area." (ECF No. 6 at 9.) Defendant Stricklin and the unnamed officer "escorted Plaintiff to the Facility C Gymnasium" and placed him in a "cage under lock and key." *Id.* The Second Amended Complaint is devoid of any facts linking the actions of Defendant Stricklin to Plaintiff's exercise of his First Amendment rights. Accordingly, Plaintiff's retaliation claims against Defendant Stricklin are dismissed for failure to state a claim upon which relief may be granted.

However, the Court does find that Plaintiff's retaliation claims are now sufficiently pleaded as to Defendants Strayhorn and Luna to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Therefore, Plaintiff is entitled to U.S. Marshal service on his behalf. *See Lopez*, 203 F.3d at 1126-27; 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915."). Plaintiff is cautioned, however, that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

## III. CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED**:

1.    Plaintiff's conspiracy and equal protection claims are **DISMISSED** from this action for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(b).

2.    All claims against Defendants Franco, Reid, Hernandez, Seibel and Stricklin are dismissed for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(b). The Clerk of Court is directed to terminate these Defendants from the Court's docket.

3.    The Clerk shall issue a summons as to Plaintiff's Second Amended Complaint (ECF No. 6) upon Defendants **Strayhorn** and **Luna** and shall forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant. In addition, the Clerk shall provide Plaintiff with a certified copy of this Order, the Court's Order granting Plaintiff leave to proceed IFP

1   (ECF No. 5), and certified copies of his Second Amended Complaint and the summons for

2   purposes of serving each Defendant. Upon receipt of this "IFP Package," Plaintiff is directed

3   to complete the Form 285s as completely and accurately as possible, and to return them to the

4   United States Marshal according to the instructions provided by the Clerk in the letter

5   accompanying his IFP package. Thereafter, the U.S. Marshal shall serve a copy of the Second

6   Amended Complaint and summons upon each Defendant as directed by Plaintiff on each Form

7   285. All costs of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d);

8   FED.R.CIV.P. 4(c)(3).

9        4.    Defendants are thereafter **ORDERED** to reply to Plaintiff's Second Amended

10   Complaint within the time provided by the applicable provisions of Federal Rule of Civil

11   Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted

12   to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or

13   other correctional facility under section 1983," once the Court has conducted its sua sponte

14   screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary

15   determination based on the face on the pleading alone that Plaintiff has a "reasonable

16   opportunity to prevail on the merits," Defendants are required to respond).

17        5.    Plaintiff shall serve upon Defendants or, if appearance has been entered by

18   counsel, upon Defendants' counsel, a copy of every further pleading or other document

19   submitted for consideration of the Court. Plaintiff shall include with the original paper to be

20   filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy

21   of any document was served on Defendants, or counsel for Defendants, and the date of service.

22   Any paper received by the Court which has not been filed with the Clerk or which fails to

23   include a Certificate of Service will be disregarded.

24   **IT IS SO ORDERED.**

25

26   DATED: 9/21/13

27                            **HON. ROGER T. BENITEZ**
                               United States District Judge

28

            13cv0807 BEN (KSC)