FILED

SEP 17 2015

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          _wp_          DEPUTY

1

2

3

4

5

6

7                   UNITED STATES DISTRICT COURT

8                 SOUTHERN DISTRICT OF CALIFORNIA

9

10   RUBEN GARCIA,                    Case No.:  3:13-cv-0807 BEN (KSC)

                              Plaintiff,
11                                    **ORDER: (1) DENYING**
                                      **PLAINTIFF'S MOTION TO**
12                                    **COMPEL DISCOVERY**

13
                                      **(2) GRANTING DEFENDANTS'**
14   v.                               **MOTION TO QUASH SUBPOENA**

15
                                      **(3) GRANTING DEFENDANTS'**
16                                    **APPLICATION FOR RELIEF FROM**
     D. STRAYHORN, et al.,            **THE REQUIREMENT FOR JOINT**
17                                    **MOTIONS IN DISCOVERY**
                              Defendant.  **DISPUTES**
18

19                                    **[Doc. Nos. 42, 29, 40]**

20

21        Before the Court are three interrelated motions concerning discovery of documents

22   associated with grievances filed by prisoners incarcerated at the Richard J. Donovan

23   Correctional Facility in San Diego, California. [Doc. No. 29, Def. Motion to Quash

24   Subpoena; Doc. No. 40, Def. Application for Relief from the Requirement for Joint

25   Motions in Discovery Disputes; Doc. No. 42, Pl. Motion to Compel Discovery.]

26   Defendants have opposed the Motion to Compel Discovery. [Doc. No. 44]. The Plaintiff

27   did not file oppositions to defendants' Motion to Quash or Application for Relief [Doc.

28   Nos. 29, 40]; the Court construes the Plaintiff's subsequent submission of the Motion to

Compel Discovery as a consolidated response to these two previously filed related Motions. [Doc. Nos. 29, 40.]

For the reasons outlined below, the Court finds that plaintiff's Motion to Compel Discovery must be DENIED. [Doc. No. 42.] Defendants Application for Relief from the Requirement for Joint Motions in Discovery Disputes is GRANTED. [Doc. No. 40.] Defendants' Motion to Quash Subpoena is consequently GRANTED. [Doc. No. 29.]

## ***Background***

Plaintiff, an inmate proceeding *pro se* in this action pursuant to 42 U.S.C. § 1983, filed the original Complaint on April 3, 2013. [Doc. No. 1.] The operative Second Amended Complaint ("Complaint") was filed on July 16, 2013. [Doc. No. 6.] Therein, plaintiff alleges that the defendants violated his Constitutional rights under the First Amendment by taking actions of retaliation for engaging in free speech activities or filing lawful grievances. [Doc. No. 6, at p. 5.]

Plaintiff's Motion To Compel Discovery makes a general application for relief requesting the Court to compel cooperation in the discovery process and references interrogatories, request for admissions, and document requests. [Doc. No. 42, at p. 1-2.] Plaintiff attached to the Motion copies of the defendants' responses to his interrogatories and document requests, which contained a typed version of the original request before stating the defendants' objection and the substantive reasoning behind each response. [Doc. No. 42, at p. 24-47.] Neither party attached the plaintiff's original interrogatories, request for admissions, or discovery requests.[1] [Doc. No. 42; Doc No. 29.] No request for admissions were presented to the Court by either party. *Id.*

Plaintiff's Memorandum of Points and Authorities focuses solely on his request for the production of certain documents, without addressing the interrogatories or request for admissions. The plaintiff did not articulate any reasoning or basis why the interrogatories

---

[1]   The Court construes plaintiff's attachments as an acknowledgement that the defendants properly represented and transcribed his interrogatories and document requests.

1 and admissions provided by defendant did not comply with discovery obligations. The

2 Court liberally construes the pleadings and papers of a *pro se* litigant. *Karim–Panahi v.*

3 *L.A. Police Dep't,* 839 F.2d 621, 623 (9th Cir. 1988). However, it is not the Court's role to

4 serve as an advocate for either party, and the Court will not comb through the papers

5 submitted by the plaintiff to generate arguments on his behalf. *Jacobsen v. Filler,* 790 F.2d

6 1362, 1364–66 (9th Cir. 1986) (holding that the court must remain a "referee" in the

7 adversarial process, and cannot serve as legal counsel for a party, even if that party is a *pro*

8 *se* litigant). Accordingly, the Court construes the totality of the Motion to Compel as a

9 request for an order compelling the defendants to produce only the referenced documents

10 in the Motion.

11 ### I.   PLAINTIFF'S MOTION TO COMPEL DISCOVERY

12 Plaintiff's Motion seeks the production of "any and all grievances complaints, or

13 other documents received by the defendants or their agents at Richard J. Donovan

14 Correctional Facility ("RJDCF") concerning mistreatment of inmates by defendants and

15 any memoranda, investigative files, or other documents created in response to such

16 documents." [Doc. No. 42, at p. 3.]

17 "Parties may obtain discovery regarding any matter, not privileged, which is relevant

18 to the claim or defense of any party involved in the pending action. Relevant information

19 need not be admissible at trial if the discovery appears reasonably calculated to lead to the

20 discovery of admissible evidence." Fed.R.Civ.P. 26(b).   However, a court may limit

21 discovery of relevant material if it determines that the discovery sought is unreasonably

22 cumulative or duplicative, or obtainable from some other source that is more convenient,

23 less burdensome, or less expensive, or the burden or expense of the proposed discovery

24 outweighs the likely benefit. Fed.R.Civ.P. 26(c). The party resisting discovery generally

25 bears the burden to show that the discovery requested is irrelevant to the issues in the case

26 or is overly broad, unduly burdensome, unreasonable, or oppressive.  If the resisting party

27 meets its burden, the burden shifts to the moving party to show the information is relevant

28 and necessary. *Henderson v. Holiday CVS, L.L.C.,* 269 F.R.D. 682, 686 (S.D. Fla 2010).

Plaintiff argues that defendants should be ordered to produce the above-described documents because they are relevant and important to his case. He represents that the requested documents relate directly to the credibility of the defendants and could be used as evidence at trial to show that they have a habit, character, or custom of engaging in retaliation. [Doc. No. 42, at p. 8.] On due process grounds, he also argues that the Court should not allow defendants to withhold the requested documents based on privilege or confidentiality grounds. [Doc. No. 42, at p. 3.]

Defendants argue that they should not be compelled to provide plaintiff with any of these documents. First, prison grievances or "602 appeals" are logged and maintained according to the names of the inmates who filed them, not by the names of staff members who are named in the grievances.[2] Defendants therefore argue that plaintiff's request is overly broad and unreasonably burdensome, as it would require a search of every grievance or "602 appeal" ever filed by any inmate at any time to determine whether it included allegations against the defendants. [Doc No. 44, at p. 8.] Construing the request as pertaining to 69 third party individual prisoners plaintiff has identified, defendants argue that plaintiff has failed to provide any nexus connecting the named individuals to the plaintiff's claim. [Doc. No. 44, at p. 5-6.]

Second, defendants argue that disclosure of grievances or "602 appeals" that were not filed by plaintiff would violate the privacy rights of other inmates who have filed grievances. [Doc. No. 44 at p. 5.] Defendants note that the California Code of Regulations prohibits prison officials from disclosing the individually filed grievances to third-party inmates. [Doc. No. 44, at p. 9.] The third-party prisoners therefore lodge complaints with an expectation of confidentiality. *Id.* Even redacting the names and identification numbers of the third-party inmates would not adequately protect them as the reports contain

---

[2] In support of this argument, defendants incorporated by reference the Declarations of B. Baenziger, a correctional counselor and M. LeStage, the Use of Force Coordinator, both of whom are employed at R. J. Donovan Correctional Facility, and are familiar with the files and documents maintained at the facility. [Doc. No. 44, at p. 5-6; 7-10]

1  sufficient identifiable information that could place inmates in jeopardy if others became

2  aware of their confidential complaints. [Doc. No. 44, at p. 9-10.]

3      Third, defendants contend that plaintiff has not shown that the requested documents

4  seek information that is relevant or reasonably calculated to lead to the discovery of

5  admissible evidence. They further contend that plaintiff's only reason for seeking

6  disclosure of the documents is to use them to reflect negatively on defendants' character

7  propensity, in violation of Federal Rule of Evidence 404. [Doc. No. 44. at p. 5-7.]

8      Fourth, defendants argue that disciplinary records are protected from disclosure by

9  the official information privilege and the defendants' privacy interests.[3] [Doc. No. 44, at p.

10  5-6.] As a result, defendants claim these documents are protected unless the potential

11  benefits of disclosure outweigh the potential disadvantages. They assert that the potential

12  disadvantages of disclosing information from their personnel files and disciplinary records

13  outweighs the likely benefits, and that the potential benefits to plaintiff of disclosure are

14  low. Specifically, defendants assert that the risk of harm from disclosure of sensitive

15  information in their disciplinary records, including confidential responses to administrative

16  appeals not provided to the original complainant, is very high.

17      This Court found persuasive the defendants' argument that plaintiff's request for

18  production of grievances or "602 appeals" by other inmates and associated documents in

19  his request, even if relevant, is overly broad and unduly burdensome to defendants.

20  Producing grievances or "602 appeals" would be too time-consuming and expensive as it

21  would require defendants to review each and every grievance or "602 appeal" ever filed to

22

23

24  [3]    In support of this argument, defendants cite the Declaration of M. LeStage, the Use of Force
Coordinator, and the Declaration of B. Baenziger, an Appeals Coordinator at R. J. Donovan Correctional

25  Facility, who are familiar with the files and records maintained there. These Declarations explain that
personnel files contain personal, private, and confidential information, so it is the policy of the

26  Department of Corrections and R. J. Donovan Correctional Facility not to reveal the contents of these
files to third parties. [Doc. No. 42. at p. 12-14; 19-21] The Declarations also outline the governmental

27  interests in maintaining the privacy and confidentiality of these documents, as well as the risks of harm
to the defendants and other inmates if the third-party grievances are disclosed. [Doc. No. 42. at p. 11-

28  15; 18-22.]

1   determine whether any of the defendants is named therein. [Doc. No. 42. at p. 11-15; 18-

2   22.]

3       It is apparent that the plaintiff is seeking production of the documents described in

4   his request in an attempt to show at trial that defendants have a propensity for misconduct.

5   However, "[c]haracter evidence is normally not admissible in a civil rights case." *Gates*

6   *v. Rivera*, 993 F.2d 697, 700 (9th Cir. 1993). Federal Rule of Evidence 404(b) specifically

7   provides that: "Evidence of a crime, wrong, or other act is not admissible to prove a person's

8   character in order to show that on a particular occasion the person acted in accordance with

9   the character." Fed.R.Evid. 404(b).  Therefore, even if prior grievances or complaints have

10  been made against defendants, this evidence would likely not be admissible for plaintiff's

11  purpose.

12      The Court concludes that plaintiff's request is overly broad as to time and subject

13  matter.  Further, plaintiff has not provided any evidence differentiating the 69 named

14  individuals from any other inmate in the facility. As to subject matter, plaintiff has failed

15  to articulate how the filing of a grievance or lawsuit by another inmate has any relevance

16  to his pending claim.

17      Production of the requested documents would also improperly implicate the privacy

18  rights of other inmates.  *See, e.g., Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n. 21

19  (1984) (referring to the authority of Federal Courts to issue protective orders for good cause

20  under Rule 26(c) and stating that privacy interests are a valid reason for restricting

21  discovery). For the foregoing reasons, plaintiff's Motion to Compel Discovery is

22  DENIED.[4]

23  ///

24  ///

25

26

27

28

---

[4]     It is unnecessary for the Court to determine at this time whether the requested documents are
protected by the official information privilege or by defendants' privacy interests, because plaintiff
request is overly broad and unduly burdensome. The Court therefore takes no position at this time as to
whether the requested documents are protected by the official information privilege.

## II.   DEFENDANTS' MOTION TO QUASH SUBPOENA

On January 9, 2015, prior to filing the Motion to Compel, plaintiff served a subpoena duces tecum upon non-party "Custodian of Records – At State Prison RJD-CF," requesting the disclosure of documents relevant to complaints filed by seventeen prisoners against defendant Strayhorn for improper conduct by seventeen prisoners. [Doc No. 29-2, at p. 4.] The Custodian of Records made a timely objection to the subpoena. [Doc. No. 29-3, p. 1-3.] The defendants filed a Notice and Motion to Quash on January 20, 2015.[5]

Under Rule 45, a non-party served with a subpoena may make objections to the subpoena within 14 days after service or before the time for compliance (if less than 14 days). Fed.R.Civ.P. 45(d)(2)(B). On timely motion, the court may quash or modify the subpoena. Fed.R.Civ.P. 45(d)(3)(A). A party cannot object to a subpoena duces tecum served on a nonparty, but rather, must seek a protective order or make a motion to quash. *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005). Ordinarily a party lacks standing to quash a subpoena issued to a third party, unless the party objecting claims a personal right or privilege with regard to the documents sought. *Id.* An individual has sufficient interest in the information contained in areas such as their bank records, social media networking sites, and personnel files to constitute grounds for standing. *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 974 (C.D. Cal. 2010).

While neither party addressed the question of defendants' standing to challenge the third party subpoena served by plaintiff, the Court finds that the information sought by the plaintiff is comparable to information contained in personnel files in *Crispin, supra*. The plaintiff is seeking the disciplinary records and complaints filed against Officer Strayhorn which ultimately concern his actions as an employee in the prison facility. This type of information bears directly on the defendant's employment and performance. Because the

---

[5]   While the Chamber Rules require joint motions for discovery disputes, it is the practice of the Court to relax the rule requiring joint motions when one of the parties is a prisoner filing *pro se*. Therefore the Application for Relief from the Requirement for Joint Motions in Discovery Disputes by the defendant is GRANTED. [Doc. No. 40.]

1   documents most closely resemble the category of personnel files described in *Crispin*, the

2   Court finds that defendant Strayhorn has standing to file a motion to quash the subpoena

3   served by plaintiff.

4          Defendants cite three distinct reasons to quash the subpoena in their motion: (1) it is

5   void because it was not personally served; (2) it is overly broad and unreasonably

6   burdensome; and (3) the requested material is confidential and violates the privacy rights

7   of both Officer Strayhorn and the third-party prisoners. [Doc. No. 29, p. 1-2.]

8          The documents requested by the plaintiff in the subpoena are *exactly* the same

9   subject and type of documents sought in plaintiff's Motion to Compel. *Compare* [Doc. No.

10  29-2, p. 4] *with* [Doc. No. 42. p. 25-26.] For the same reasons addressed above, the Court

11  finds that the plaintiff's request is overly broad and unreasonably burdensome. *See supra*

12  p. 3-7. Therefore, defendants' Motion to Quash Subpoena must be GRANTED.[6]

13                                    ***Conclusion***

14         Based on the foregoing, plaintiff's Motion to Compel is be DENIED. [Doc No. 42.]

15  Consequently, the defendants Motion to Quash and the Application for Relief are hereby

16  GRANTED. [Doc. No. 29; Doc. No. 40.]

17         IT IS SO ORDERED.

18  Date: _____, 2015

19

20

21                                    KAREN S. CRAWFORD
                                      United States Magistrate Judge
22

23

24

25

26  _____

27  [6]     The Court takes no position at this time as to whether the subpoena is technically invalid or
    protected by the official information privilege, as the documents and information sought by the plaintiff
28  are overly broad and unreasonably burdensome.