FILED

2016 JUN -1 PM 12:38

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                              DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN GARCIA,<br><br>                Plaintiff,<br><br>v.<br><br>D. STRAYHORN, et al.,<br><br>                Defendants. | Case No.: 3:13-cv-0807 BEN (KSC)<br><br>**ORDER:**<br>**(1) DENYING MOTION TO APPOINT COUNSEL;**<br>**(2) DENYING MOTION TO EXTEND SCHEDULES; AND**<br>**(3) DENYING MOTION FOR REFERRAL TO PRISONER SETTLEMENT PROGRAM** |

    Before this Court are the following three motions filed by Plaintiff Ruben Garcia, a state prisoner proceeding *pro se* and *in forma pauperis*: (1) Motion to Appoint Counsel; (2) Motion to Extend Schedules for Pretrial Conference and Relevant Pretrial Deadlines; and (3) Motion for Referral to Prisoner Settlement Program. (Docket Nos. 77, 81, 83.) Currently, this case is set for a final pretrial conference on June 13, 2016, with trial on July 19, 2016.

    For the reasons stated below, these Motions are **DENIED.**

**I.     MOTION FOR APPOINTMENT OF COUNSEL**

    Plaintiff asks this Court, for a second time, to appoint counsel because (1) his claims are meritorious; (2) he is unable to afford counsel; and (3) the issues in his case are too complex for a person of his education and medical condition. Plaintiff previously

1

filed a Motion for Appointment of Counsel on March 9, 2015. (Docket No. 38.) The magistrate judge denied that motion, and this Court denied Plaintiff's Motion for Reconsideration. (Docket Nos. 45, 59.) The reasons for Plaintiff's current request have not changed, and neither has this Court's decision.

## A. Legal Standard

Courts have discretion, pursuant to 28 U.S.C. § 1915(e)(1) (1996), to appoint counsel for indigent civil litigants upon a showing of exceptional circumstances. "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (internal citations omitted). "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (internal citations omitted).

## B. Analysis

Exceptional circumstances do not exist in this case. Although one of Plaintiff's claims has survived summary judgment and been ordered to trial[1]—thus suggesting that he might succeed on the merits—the record shows that Plaintiff has not struggled to articulate his claims. Rather, Plaintiff has consistently demonstrated the ability to prosecute his claims *pro se*. He has filed several pleadings and motions explaining his claims' legal and factual bases with sufficient clarity to allow them to be addressed on the merits. (*See, e.g.*, Docket Nos. 6, 19, 67.) Indeed, Plaintiff defeated part of Defendants' motion for summary judgment. (Docket No. 72.) *See Shepard v. Bass*, 610 F. App'x 625, 625 (9th Cir. 2015) (affirming denial of *pro se* prisoner's request for counsel where plaintiff made numerous filings "that cogently articulated his legal arguments" and

---

[1] In March 2016, this Court partially denied Defendants' motion for summary judgment and set a trial schedule for the remaining claim. (Docket Nos. 72, 73.)

"succeeded in defeating" defendant's summary judgment motion); *Torbert v. Gore*, No. 14-cv-2911, 2016 WL 1399230, at * 1 (S.D. Cal. Apr. 8, 2016) ("Where a *pro se* civil rights plaintiff shows he has a good grasp of basic litigation procedures and has been able to articulate his claims adequately, he does not demonstrate the exceptional circumstances required for the appointment of counsel.").

Moreover, the issues in this case are not complex. Only one cause of action remains to be tried, and it concerns simple factual circumstances regarding a claim of retaliation. Plaintiff argues that conflicting testimony at trial will make the case too difficult for him to prosecute *pro se*, but such conflict occurs as a matter of course at any trial. "Conflicting testimony and factual disputes are not 'exceptional circumstances.'" *Garcia v. Smith*, No. 10-cv-1187, 2012 WL 2499003, at *5 (S.D. Cal. June 27, 2012).

While Plaintiff argues that his low education level, medical conditions and daily intake of medication, and lack of legal training prejudice his ability to represent himself, "he has not shown that his burden[s] [are] greater than those that are typically experienced by incarcerated pro se plaintiffs." *Id.* at *5. As to his argument that he cannot afford counsel, "[m]erely alleging indigence is insufficient to entitle him to appointed counsel; he must also demonstrate that he made a good faith effort, but was unable, to obtain counsel." *Id.* at *4. Plaintiff has failed to make this showing. In sum, despite Plaintiff's claimed hardships, he has demonstrated through the course of proceedings that he can sufficiently articulate and litigate his case *pro se*.

For these reasons, the Court finds that the exceptional circumstances required for the appointment of counsel are not present. Plaintiff's Motion is **DENIED**.

II.     **MOTION TO EXTEND SCHEDULES FOR PRETRIAL CONFERENCE AND RELEVANT PRETRIAL DEADLINES**

Plaintiff asks to extend the schedule set for pretrial conference and other pretrial deadlines ordered by this Court on March 15, 2016 (the "March order") (Docket No. 73) or, in the alternative, to postpone the pretrial conference and pretrial deadlines until after

the Court has decided his Motion for Appointment of Counsel. He claims that he "has found himself unable to properly function or to diligently adhere to the court schedule" due to his medical condition and placement in Enhanced Outpatient inmate housing. (Docket No. 81.) However, since the Court's March order, Plaintiff has filed two Motions in Limine, a Motion to Appoint Counsel, a Motion to Extend Schedules, a Motion for Referral to Prisoner Settlement Program, and his Memorandum of Contentions of Fact and Law. (Docket Nos. 76, 77, 79, 81, 83, 85.) Notably, Plaintiff filed his Motions in Limine and Memorandum of Contentions of Fact and Law by the deadlines ordered. *See Groce v. Claudat*, No. 09-cv-01630, 2013 WL 1828555, at *2 (S.D. Cal. Apr. 30, 2013) (for *pro se* prisoners, date of mailing is deemed filing date).

Come July, this case will have been pending three years. Considering Plaintiff's demonstrated ability to litigate his case and meet pretrial deadlines, as well as the Court's decision on his Motion for Appointment of Counsel, the Court does not find good cause to extend the pretrial schedule. Accordingly, Plaintiff's Motion is **DENIED**.

### III. MOTION FOR REFERRAL TO PRISONER SETTLEMENT PROGRAM

Plaintiff also moves the Court to refer his case to the prisoner settlement program. Given the length of time this case has been pending and the Court's March order setting a trial schedule, the court does not find good cause to refer this case to the prisoner settlement program. The parties are encouraged, nevertheless, to reach a resolution before trial. Plaintiff's Motion is **DENIED**.

### IV. CONCLUSION

For the reasons set forth above, the Court hereby:

(1) **DENIES** Plaintiff's Motion for Appointment of Counsel (Docket No. 77);

(2) **DENIES** Plaintiff's Motion to Extend Schedules for Pretrial Conference and Relevant Pretrial Deadlines (Docket No. 81); and

(3) **DENIES** Plaintiff's Motion for Referral to Prisoner Settlement Program (Docket No. 83).

**IT IS SO ORDERED.**

DATED: 6/1, 2016

HON. ROGER T. BENITEZ
United States District Judge